**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| IVAN SHANE STORZ, ) <br> Trustee of the I. Shane Storz Trust, ) <br> ) <br> DARLENE STORZ, ) <br> Trustee of the Darlene Storz Living Trust, and ) <br> ) <br> S. DARNEA WOOD, ) <br>  ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SOUTHERN AIRWAYS CORPORATION, ) <br> ) <br> Defendant. ) | Case No. 4:23-cv-1496 (NCC) |

**DEFENDANT SOUTHERN AIRWAYS CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO COMPEL ARBITRATION AND TO DISMISS</u>**

**MORRISON-TENENBAUM, PLLC**

87 Walker Street, Second Floor
New York, NY 10013
Tel. (212) 620-0938
Fax (646) 998-1972
*Attorneys for Defendant*
*Southern Airways Corporation*

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................. ii
Preliminary Statement ............................................................................................................. 1
Background .............................................................................................................................. 2
Legal Standards ....................................................................................................................... 4
    I.    Federal Arbitration Act ................................................................................................ 4
    II.   Motion to Dismiss ....................................................................................................... 5
Argument ................................................................................................................................. 6
    I.    The Court Should Compel Arbitration and Dismiss the Action .................................. 6
    II.   Alternatively, the Court Should Dismiss the Complaint for Failure to State a Claim ........ 7
        A.   Breach of Contract ................................................................................................ 8
        B.   Unjust Enrichment .............................................................................................. 10
        C.   "Specific Performance" ...................................................................................... 11
Conclusion ............................................................................................................................. 12

# TABLE OF AUTHORITIES

## Cases

**Supreme Court**
*Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995) ............................................................6
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................5, 6
*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002) .............................................................7
*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ...............................5
*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) ......................................................................12

**Eighth Circuit**
*Affordable Cmtys. of Mo. v. Fed. Nat'l Mortg. Ass'n*, 714 F.3d 1069 (8th Cir. 2013) .................10
*El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co.*, 247 F.3d 843 (8th Cir. 2001) .............................7
*Jamison Coal Coke Co. v. Goltra*, 143 F.2d 889 (8th Cir. 1944)..................................................11
*Manion v. Nagin*, 255 F.3d 535 (8th Cir. 2001) .............................................................................5
*Peabody Coalsales Co. v. Tampa Elec. Co.*, 36 F.3d 46 (8th Cir. 1994) ........................................5
*Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 784 (8th Cir. 2016) ..................................................5
*Sommerfeld v. Adesta, LLC*, 2 F.4th 758 (8th Cir. 2021) .............................................................5, 7

**Eastern District of Missouri**
*Cregan v. Mortg. One Corp.*, 2016 WL 3072395 (E.D. Mo. June 1, 2016) .................................11
*George Weis Co. v. Am. 9 Constr., LLC*, 2021 WL 5038144 (E.D. Mo. Oct. 29, 2021) ................7
*Schweickhardt v. Cap. One Bank (USA) N.A.*, 2017 WL 1497912 (E.D. Mo. Apr. 25, 2017) .....11
*Vitello v. Natrol, LLC*, 2021 WL 3764802 (E.D. Mo. Aug. 25, 2021)....................................10, 11

**Courts in New York**
*Berman v. Sugo LLC*, 580 F.Supp.2d 191 (S.D.N.Y. 2008)............................................................8
*Frontline Processing Corp. v. Merrick Bank Corp.*, 2014 WL 837050 (S.D.N.Y. Mar. 3, 2014) ................................................................................................................................................8
*Global Media Corp. v. Gateway Distributors, Ltd.*, 2007 WL 2589535 (S.D.N.Y. Aug. 28, 2007)..................................................................................................................................................8
*Harris v. Seward Park Housing Corp.*, 913 N.Y.S.2d 161 (N.Y. App. Div. 1st Dept. 2010) ........8

## Federal Arbitration Act
9 U.S.C. § 2 ..................................................................................................................................4, 6
9 U.S.C. § 3 ..................................................................................................................................1, 5
9 U.S.C. § 4 ..............................................................................................................................1, 4, 5

## Federal Rules of Civil Procedure
Rule 8................................................................................................................................................5, 12
Rule 12..........................................................................................................................................1, 5, 7

**PRELIMINARY STATEMENT**

Defendant Southern Airways Corporation ("SAC" or "Defendant") respectfully submits this memorandum of law in support of its motion under the Federal Arbitration Act ("FAA") at 9 U.S.C. §§ 3 and 4 to compel arbitration, and under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint of plaintiffs Ivan Shane Torz, Dalene Storz, and S. Darnea Wood ("Plaintiffs").

Plaintiffs entered a binding arbitration agreement with SAC. Yet, Plaintiffs have filed the instant action. Plaintiffs entered a negotiation agreement with SAC, which is a prerequisite to bringing an action. Yet, Plaintiffs have filed this action without completing the procedure. Further, generally, a plaintiff must provide allegations in a complaint with sufficient specificity for the defendant to know the grounds upon which a claim rests. Yet, Plaintiffs' complaint herein is built upon vague and conclusory allegations, and one of the three causes of action Plaintiffs name, "specific performance," literally does not even exist.

In an attempt to avoid burdening the Court with the instant motion, SAC's counsel spoke by telephone and corresponded by email with Plaintiffs' counsel. SAC noted the arbitration clause, negotiation threshold requirement, and generally the vagueness of the complaint, and endeavored to have Plaintiffs withdraw the action. (*See* Henry Evander Jones Declaration ["Jones Decl."] ¶¶ 12-16).  Further, as required by federal statute, SAC served via the docket five days' notice of its intention to compel arbitration. (*See* Jones Decl. ¶ 18; ECF No. 8, five days' notice). Yet, Plaintiffs have refused to withdraw the action.

As a result of the above and as discussed further below, SAC must now ask the Court to compel arbitration and to either dismiss the action or stay it pending the outcome of arbitration; or as an alternative to compelling arbitration, to dismiss the complaint for failure to state a claim.

1

# BACKGROUND

Plaintiffs reside in Missouri, and SAC is a Delaware corporation with a principal place of business in Florida (ECF No. 1, complaint ¶¶ 1-4).

**Stock Purchase Agreement**

On March 4, 2022, Plaintiffs entered into a Stock Purchase Agreement (ECF No. 1-1, the "SPA") with SAC, whereby Plaintiffs sold SAC all their stock in Multi-Aero Inc. ("Multi-Aero"). The SPA is governed by New York law and provides, *inter alia*, for SAC to transfer $600,000 to an escrow agent, who in turn, will make six disbursements to Plaintiffs of $100,000 between April 30, 2022 and September 30, 2022 (*id.* §§12.2 [governing law], 4.3.1 [disbursements]). However:

> any such installment payment may be offset for liabilities arising prior to Closing and/or breach of representations and no installment payment shall be disbursed [by the escrow agent]…without written authorization from both Purchaser [SAC] and Seller [Plaintiffs].

(*id.* § 4.3.1).

The SPA further provides that Multi-Aero has paid its taxes and faces no tax investigation (*id.* §§ 2.16.1, 2.16.3), has no judgment against it and faces no prospect of a government investigation (*id.* § 2.17), and that except as provided in an annexed schedule, there is no potential for it to lose any governmental authorization (*id.* § 2.23.4). The SPA annexes an inventory list (*id.* § 2.8.1) and affirms that the Plaintiffs have given SAC financial statements that conform with generally accepted accounting standards (*id.* § 2.27.1-2).

**Arbitration Clause**

The SPA has a mandatory arbitration agreement with a threshold negotiation clause:

> 12.1.1 NEGOTIATION. The parties shall attempt in good faith to resolve any dispute arising out of or relating to this Agreement promptly by negotiation…. Purchaser or the Shareholders may give the other written notice of any dispute…. Within thirty (30) days after delivery of such notice, the receiving party shall submit to the other a written response. …Within thirty (30) days after delivery of the

disputing party's notice, the…parties shall meet…in St. Louis, MO…to attempt to resolve the dispute.… If the dispute cannot be settled …within thirty (30) days…, either party may commence an action as provided for in 12.1.2, below, unless otherwise agreed upon between the parties.

12.1.2 ARBITRATION. Any disputes, claims, or controversies between the Parties, including, but not limited to, those arising out of or related to this Agreement not resolved pursuant to Section 12.1.1, shall be resolved through arbitration. This agreement to arbitrate shall survive the termination, expiration, or rescission of this Agreement. The arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association and shall be undertaken pursuant to the Federal Arbitration Act. The arbitration shall be held in Atlanta, Georgia, unless the Parties agree on another location. The decision of the arbitrator shall be enforceable in any court of competent jurisdiction. Each Party shall bear his or its own costs and attorneys' fees in connection with the arbitration. The arbitrator shall not award punitive or consequential damages, and the Parties hereby waive any rights to such damages. The relationship created by this Agreement could give rise to the need by one or more of the Parties for emergency judicial relief. Any Party shall be entitled to pursue remedies for emergency or preliminary injunctive relief in any court of competent jurisdiction, but immediately following the issuance or denial of any such emergency relief the Party pursuing such relief will consent to the stay of such judicial proceedings on the merits pending arbitration of all underlying claims between the Parties.
…

12.1.4 SPECIFIC PERFORMANCE. The parties hereto agree that irreparable damage would occur if any provision of this Agreement were not performed in accordance with the terms hereof and that the parties shall be entitled to an injunction or injunctions to prevent breaches of this Agreement or to enforce specifically the performance of the terms and provisions hereof.…

(*id.* §§ 12.1.1, 12.1.2, 12.1.4).

**Mutual Resolution and Release**

On June 8, 2022, Plaintiffs, SAC, and nonparties herein Multi-Aero and JTA Leasing and Sales, LLC ("JTA") executed a Mutual Resolution and Release ("MRR"). (*See* ECF No. 1-2, MRR at 1 and 10-12 [listing parties]). Like the SPA, the MRR is governed by New York law. (*See id.* ¶ 24 [naming New York law]; ECF No. 1-1, SPA § 12.2 [same]). The MRR provides that Plaintiffs indemnify SAC regarding a False Claims Act investigation (ECF No. 1-2, MRR ¶ 11) and regarding an IRS "Employee Retention Credit" refundable tax credit (*id.* ¶ 17). Further, the MRR

3

provides that the escrow agent will hold $400,000 until a set of tiered conditions are satisfied (*id.* ¶ 14) and it addresses an "inventory disparity" (*id.* ¶ 20). The MRR further provides for JTA to sell four Cessna airplanes to SAC (*id.* ¶ 22) and for JTA and SAC to split the cost of new seats for one of those airplanes (*id.* ¶ 21). In addition, the MRR addresses controversies regarding an employment agreement between plaintiff Ivan Shane Storz and SAC (*id.* ¶¶ 1-4, 6), an independent contractor agreement between plaintiff S. Darnea Wood and SAC (*id.* ¶¶ 5-6), passwords (*id.* ¶ 7), and tax payments (*id.* ¶ 9).

**The Instant Action**

On November 21, 2023, Plaintiffs received notice that SAC had initiated the negotiation procedure in the SPA. (*See* ECF No. 1-1, SPA § 12.1.1; Jones Aff. ¶¶ 2-8). Notwithstanding the arbitration agreement and the incomplete prerequisite negotiation, on November 22, 2023, Plaintiffs filed the instant action against SAC. (*See* ECF No. 1-1, SPA § 12.1.1; Jones Aff. ¶¶ 9-10, 14). On December 7, 2023, Plaintiffs served the complaint (Jones Decl. ¶ 11). On December 22, 2023, SAC filed notice of its intention to enforce the arbitration agreement (*id.* ¶ 18; ECF No. 8). *See* 9 U.S.C. § 4 [five days' notice]).

## LEGAL STANDARDS

I.  **Federal Arbitration Act**

The FAA provides, in relevant part:

A written provision in any…contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction…shall be valid, irrevocable, and enforceable….

9 U.S.C. § 2.

If any suit…be brought…upon any issue referable to arbitration under an agreement in writing for such arbitration, the court…, upon being satisfied that the issue…is referable to arbitration under such an agreement, shall on application of one of the

4

> parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement….

9 U.S.C. § 3.

> A party aggrieved by the alleged failure…or refusal of another to arbitrate under a written agreement for arbitration may petition…for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default.

9 U.S.C. § 4.

Where "parties have a valid arbitration agreement that encompasses the dispute, a motion to compel arbitration must be granted." *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 784 (8th Cir. 2016). "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Where the FAA applies, injunctive relief is not available without a contract clause that gives "clear grounds to grant relief without addressing the merits of the underlying dispute." *Manion v. Nagin*, 255 F.3d 535, 539 (8th Cir. 2001) (quoting *Peabody Coalsales Co. v. Tampa Elec. Co.*, 36 F.3d 46, 47 n.3 (8th Cir. 1994)). Courts "may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Sommerfeld v. Adesta, LLC*, 2 F.4th 758, 762 (8th Cir. 2021).

**II.   Motion to Dismiss**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rules of Civil Procedure ("FRCP") Rule 8(a)(2). A defendant can move to dismiss a complaint for the "failure to state a claim upon which relief can be granted." FRCP Rule 12(b)(6). To survive a motion to dismiss, a complaint must contain "enough facts to

5

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's obligation to provide the grounds for a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

## ARGUMENT

### I. The Court Should Compel Arbitration and Dismiss the Action

The Court should compel arbitration because, first, SAC and Plaintiffs have a valid arbitration agreement and, second, the agreement encompasses the dispute.

First, the parties herein have a valid arbitration agreement governed by the FAA. The plain terms of the SPA provide that "[a]ny disputes, claims, or controversies between the Parties, including, but not limited to, those arising out of or related to this Agreement…shall be resolved through arbitration" and the agreement to arbitrate "shall survive the termination, expiration, or rescission of [the SPA]." (ECF No. 1-1, SPA § 12.1.2). As required by the FAA, the agreement is written (ECF No. 1-1 §§ 12.1.1, 12.1.2) and evidences a transaction involving interstate commerce, since it relates to a stock transfer and money exchange across state lines. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273 (1995) ("involving commerce" signals the intent of Congress "to exercise its Commerce Clause powers to the full"). As a result, the agreement to arbitrate is "valid, irrevocable, and enforceable." 9 U.S.C. § 2.

Second, the arbitration agreement encompasses the parties' dispute. After all, the arbitration agreement covers not only the SPA and the related transaction, but "[a]ny disputes, claims, or controversies between the Parties" (ECF No. 1-1, SPA § 12.1.2). Further, Plaintiffs repeatedly refer to the SPA—if vaguely, as discussed below—as a source of law between the parties, and the SPA both contains the arbitration agreement and embodies the transaction between the parties. (*See* ECF No. 1, complaint ¶¶ 7, 8, 12-16). The subsequent MRR, which Plaintiffs also

6

reference as a source of law (*see id.*), addresses controversies arising from the transaction contemplated in the SPA (*see generally,* ECF No. 1-2, MRR). Thus, even if the arbitration clause only covered the SPA or its transaction, and even if Plaintiffs' claims were grounded solely in the MRR, the claims would still be covered by the arbitration clause.

Further, the Court should exercise its discretion to dismiss, rather than stay, since there is nothing here for the Court to adjudicate. *See Sommerfeld*, 2 F.4th at 762. The possible question of whether Plaintiffs have fulfilled the threshold negotiation clause is not an issue that could prevent arbitration, since arbitration is available upon fulfillment of the negotiation clause. Also, the threshold question of whether Plaintiffs have satisfied the negotiation clause will not be for the Court, but rather, for the arbitrator to resolve. *See George Weis Co. v. Am. 9 Constr., LLC*, 2021 WL 5038144, at *4 (E.D. Mo. Oct. 29, 2021) ("the arbitrator determines questions of procedural arbitrability like whether a condition precedent to arbitration exists or has been satisfied") (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002); *El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co.*, 247 F.3d 843, 846 (8th Cir. 2001)). Thus, once arbitration is compelled, the Court will have nothing left to adjudicate and can dismiss the action.

For the reasons above, as a matter of law, the Court should enter an order directing that arbitration proceed in the manner provided for in the SPA; and in addition, the Court should either exercise its discretion to dismiss the action, or pursuant to the FAA, stay the action pending the outcome of arbitration.

## II.     Alternatively, the Court Should Dismiss the Complaint for Failure to State a Claim

If the Court finds there is no enforceable arbitration agreement, it should dismiss the complaint for "failure to state a claim upon which relief can be granted." FRCP Rule 12(b)(6). Plaintiffs fail to plead three of four required elements for a breach of contract claim; state an unjust

enrichment claim for relief available at law; and state a claim named "specific performance" which does not exist and, if the Court construes it as a breach of contract remedy, is not available for money damages.

### A.  **Breach of Contract**

The Court should dismiss Plaintiffs' claim for breach of contract because, although Plaintiffs allege plausibly the existence of two contracts, they fail to plead any of the remaining three conjunctive factors of an action sounding in breach of contract.

New York law governs the SPA and the MRR (*see* ECF No. 1-1, SPA §12.2; ECF No. 1-2, MRR ¶ 24). Under New York law, the elements of a breach of contract claim are "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages." *Harris v. Seward Park Housing Corp.*, 913 N.Y.S.2d 161, 162 (N.Y. App. Div. 1st Dept. 2010). In federal courts applying New York contract law, "[c]onclusory allegations that a defendant breached the contract are 'insufficient to support a breach of contract claim.'" *Frontline Processing Corp. v. Merrick Bank Corp.*, 2014 WL 837050, at *2 (S.D.N.Y. Mar. 3, 2014) (citing *Berman v. Sugo LLC*, 580 F.Supp.2d 191, 202 (S.D.N.Y. 2008) [collecting cases]). This includes that "[t]he complaint must specify which provisions of the contract were allegedly breached, and the conduct that constituted that breach." *Global Media Corp. v. Gateway Distributors, Ltd.*, 2007 WL 2589535, at *3 (S.D.N.Y. Aug. 28, 2007).

First, Plaintiffs state only a conclusory allegation that they performed their obligations under the SPA and MRR. (*See* ECF No. 1, complaint ¶ 14 ["Plaintiffs fully performed their obligations under the stock purchase agreement, mutual resolution and release, and Plaintiffs retention credit."]). Within the 32-page long SPA, which includes two dozen annexed "schedules," Plaintiffs have a multiplicity of obligations. (*See generally* ECF No. 1-1, SPA § 2 and subparts

8

thereof). For example, as discussed in the Background section above, Plaintiffs' obligations include that they must annex an inventory list to the SPA, provide acceptable financial statements, and assure SAC that Multi-Aero is not in peril of a governmental investigation. Further, many of the SPA obligations are conditional. For example, as noted in a block quote in the Background section above, if a "breach of representations" takes place, portions of escrow payments to Plaintiffs become payable, instead, to SAC. (*See id.*, § 4.3.1). Similarly, the MRR contains many obligations for Plaintiffs and includes tiered conditions for SAC's obligations to enter into force (*see*, *generally*, ECF No. 1-2, MRR; *see also* Introduction, *supra*). Yet, the complaint is devoid of fact allegations as to particular performance by Plaintiffs that would trigger an obligation by SAC. Instead, there is a single, conclusory allegation that Plaintiffs performed. (*See* ECF No. 1, complaint ¶ 14). And the allegation that Plaintiffs fully performed under a third contract, called the "Plaintiffs retention credit," makes no sense. (*See id.*). Given the complicated agreements at hand, Plaintiffs' conclusory allegation that they performed is not plausible on its face, and as a result, Plaintiffs have failed to state a claim for breach of contract.

Second, Plaintiffs provide only vague allegations as to the element of a breach by SAC. Plaintiffs allege conclusively that SAC "fail[ed] to pay certain monies…and…to perform other material obligations…[in the SPA and MRR] in the approximate sum of $800,000." (ECF No. 1, complaint ¶ 12). To this, they add—with no citation to a provision in the SPA or MRR—an unclear allegation that SAC "has additionally failed to pay the transition account for the benefit of Plaintiffs Employee Retention Credit (ERC) provided for in the agreements which is currently in excess of $100,000." Building upon this, Plaintiffs add vaguely that "[t]here is currently…$400,000 plus interest being held in escrow…which is the property of Plaintiffs pursuant to the agreements aforesaid but Defendant is refusing to consent to or to allow the escrow

9

to be released….” (*Id.* ¶ 15). Plaintiffs fail to allege where the SPA or MRR establish that escrow funds are their property, or as discussed above, how they have satisfied any related conditions. Clearly, Plaintiffs' vague allegations as to a breach of duty are insufficient to state a claim that is plausible, and as a result, Plaintiffs have failed to state a claim for breach of contract.

Third, Plaintiffs' allegations as to damages are not plausible. Plaintiffs allege that they are owed $800,000 plus interest. (*Id.* ¶ 16). However, the $100,000 "ERC" number and $400,000 escrow figure add to $500,000. They make no clear indication of another $300,000 in damages or—as discussed above—of a particular performance by Plaintiffs triggering a duty that SAC breached that would give rise to $300,000 in resulting damages. Plaintiffs' threadbare damages allegations, which do not add up, are implausible and as a result, Plaintiffs have failed to state a claim for breach of contract.

For the reasons above, as a matter of law, the Court should dismiss the Plaintiffs' claim for breach of contract.

### B. Unjust Enrichment

The Court should dismiss Plaintiffs' claim for the restitution of an unjust enrichment because Plaintiffs' threadbare equitable claim is for money damages they seek at law.

"[A] plaintiff may not recover under both an express contract and unjust enrichment." *Affordable Cmtys. of Mo. v. Fed. Nat'l Mortg. Ass'n*, 714 F.3d 1069, 1077 (8th Cir. 2013) (cleaned up and citations omitted) (affirming dismissal of unjust enrichment claim by district court). Under Missouri law, a claim for unjust enrichment has three elements: "1) 'plaintiff must confer a benefit and enrich a defendant,' 2) 'the enrichment must be at the expense of the plaintiff,' and 3) 'it would be unjust for the defendant to retain the benefit.'" *Vitello v. Natrol, LLC*, 2021 WL 3764802, at *5 (E.D. Mo. Aug. 25, 2021), *aff'd*, 50 F.4th 689 (8th Cir. 2022) (citation omitted). "The most

significant of the elements for a claim of unjust enrichment is the last element." *Id.* (citation omitted).

Here, Plaintiffs' unjust enrichment claim fails because it incorporates the very paragraphs which not only allege two contracts exist, but annex them into the complaint (*see* ECF No. 1, complaint ¶ 19, incorporating ¶¶ 1-18; *id.* ¶¶ 9, 10, annexing SPA and MRR). *See Cregan v. Mortg. One Corp.*, 2016 WL 3072395, at *5 (E.D. Mo. June 1, 2016) (dismissing unjust enrichment claim after noting "Plaintiffs cannot argue that the parties have an agreement…and in the same breath argue that their claim is based on the lack of an agreement."). Further, just as Plaintiffs have failed to show they performed under any contract as discussed in section II(A) above, they have also failed to plead sufficient facts that they conferred a benefit and enriched SAC, including in the amount of "not less than $800,000." Moreover, absent concrete allegations of a benefit conferred and retained, no question arises as to the "most significant" element of unjust enrichment: whether it is unjust for SAC to retain such benefit. *Vitello*, 2021 WL 3764802, at *5.

For the reasons above, as a matter of equity, the Court should dismiss the Plaintiffs' claim for unjust enrichment.

C. **"Specific Performance"**

The Court should dismiss Plaintiffs' claim for so-called "specific performance." "[S]pecific performance is not a stand-alone cause of action, but a remedy." *Schweickhardt v. Cap. One Bank (USA) N.A.*, 2017 WL 1497912, at *2 (E.D. Mo. Apr. 25, 2017) (citations omitted).

If the Court construes Plaintiffs' specific performance reference as a request for a remedy related to the breach of contract action, the Court should strike that request. "It is well settled that specific performance will not be granted when there is an adequate remedy at law." *Jamison Coal Coke Co. v. Goltra*, 143 F.2d 889, 894 (8th Cir. 1944). Here, Plaintiffs seek specific performance

11

of a contract to pay $400,000 in money (*see* ECF No. 1, complaint ¶¶ 15, 20). Thus, Plaintiffs themselves have averred that there is in fact an adequate remedy at law.

In addition, the claim or request for specific performance must fail to the extent that Plaintiffs seek an injunction as to Steven Akre, whom they have not called as a defendant (*see* ECF No. 1, complaint, page 5 of 5, "WHEREFORE" paragraph). After all, "[i]t is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979). Further, Plaintiffs have omitted from the complaint the requisite "short and plain statement of the grounds for the court's jurisdiction" over Mr. Akre (FRCP Rule 8[a][1]).

For the reasons above, as a matter of law and equity, the Court should dismiss Plaintiffs' cause of action for "specific performance" or alternatively, strike it as a remedy.

## **CONCLUSION**

SAC respectfully requests that the Court:

(a) compel Petitioners to proceed to arbitration and dismiss the instant action;

(b) alternatively, compel Petitioners to proceed to arbitration and stay the instant action pending the outcome of the arbitration;

(c) alternatively, compel Petitioners to proceed to arbitration as to those issues that are within the scope of the arbitration agreement and stay the instant action;

(d) alternatively, dismiss the complaint for failure to state a claim.

Dated: New York, New York
       December 28, 2023

MORRISON TENENBAUM PLLC

By: _____
   Henry E. Jones
   Admitted Pro Hac Vice
87 Walker Street, Second Floor
New York, NY 10013
tel. (212) 620-0938
fax (646) 998-1972
henryj@m-t-law.com
*Attorneys for Defendant*
*Southern Airways Corporation*

13