# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| IVAN SHANE STORZ )<br>Trustee of the I. Shane Storz Trust )<br>)<br>And )<br>)<br>DARLENE STORZ )<br>Trustee of the Darlene Storz Living Trust )<br>)<br>And )<br>)<br>S. DARNEA WOOD )<br>)<br>                      Plaintiffs, )<br>vs. )<br>)<br>SOUTHERN AIRWAYS CORP. )<br>)<br>                      Defendant. ) | Cause No.: 4:23-cv-1496 (NCC) |

## PLAINTIFF'S OBJECTIONS AND MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS

 

THE HECK LAW GROUP

13321 N. Outer Forty Rd. Ste 100
Chesterfield Mo. 63017
Tel.  314-786-1217
Fax. 314-786-1201
*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

Table of Authorities………………………………………………………………………3

Preliminary Statement…………………………………………………………………….4

Background………………………………………………………………………………..5

Legal Standards…………………………………………………………………………...7

    I.     Federal Arbitration Act……………………………………………………...7

    II.    Motion to Dismiss…………………………………………………………...8

Argument……………………………………………………………………………...…..9

    I.     The Court Cannot Compel Arbitration and Defendant's Motion to Dismiss Must be Denied…………………………………………………………………9

    II.    The Court Should Not Dismiss the Complaint for Failure to State a Claim……………………………………………………………………..13

        A.     Breach of Contract………………………………………………….13

        B.     Unjust Enrichment………………………………………………….15

        C.     Specific Performance……………………………………………….16

Conclusion……………………………………………………………………………..16

# TABLE OF AUTHORITIES

**Supreme Court**

*AT&T Tech. Inc. v. Communications Workers of Am.*, 537 U.S. 79 (2002)……………...7
*Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)……………………………………….....8
*Erie Railroad Co. v. Thompkins*, 304 U.S. 64 (1938)…………………………………...13
*Granite Rock Co. v. Teamsters*, 561 U.S. 287 (2010)…………………………….……..9
*Guarantee Trust Co. of N.Y. v. York*, 326 U.S. 99 (1945)……………………………….13
*Hanna v. Plummer*, 380 U.S. 460 (1965)…………………………………………….….13
*Hishon v. King & Spalding*, 467 U.S. 69 (1984)……………………………………..….8
*Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010)…………………………………….9
*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (1957)…………………………………..….8
*United Steelworkers of Am. v. Warrior & Gulf Nav. Co.* 363 U.S. 574 (1960)………....7,9
*Warth v. Seldin*, 422 U.S. 490 (1975)……………………………………………….…..8

**Federal Courts**

*Affordable Cmtys. of Mo. v. Fed. Nat'l Mortg. Ass'n*, 714 F.3d 1069 (8th Cir. 2013)…...15
*Bohan v. Honeywell Intern., Inc.*, F.3d 606 (8th Cir. 2004)……………………………….8
*Field Intel. Inc. v. Xylem Dewatering Solutions Inc.*, 49 F.3[rd] 351 (3rd Cir. 2002)……9, 10
*Gardner v. First American Title Ins. Co.*, 294 F.3d 991 (8th Cir. 2002)…………….......8
*Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733 (9th Cir. 2014)…………………...10
*Kampa v. White Consol. Industries, Inc.*, 115 F.3d 585 (8th Cir. 1997)…………………13
*Palmer v. Tracor, Inc.*, 856 F.2d 1131 (8th Cir. 1988)…………………………………....8
*Pro Tech Industries Inc. v. Urs Corp.*, 377 F.3d 868 (8th Cir. 2004)……………………7
*Shwieckhardt v. Cap. One Bank (USA) N.A.*, 2017 WL 1497912 (E.D. Mo. Apr. 25, 2017)………………………………………………………………………………………..16
*Suburban Leisure v. AMF Bowling Products*, 468 F.3d 523 (8th Cir. 2006)…………......7
*Suski v. Coinbase Inc.*, 55 F.4[th] 1227 (9th Cir. 2022)……………………………………10

**State Courts**

*Harris v. Seward Park Housing Corp.*, 913 N.Y.S2d 161 (N.Y. App. Div. 2010)……..14
*Transcor Astra Grp. S.A. v. Petrobas Am. Inc.*, 650 S.W.3d 462 (Tex. 2002)……..…9, 10

**Statutes, Regulations, Rules and Other Sources**

Federal Arbitration Act 9 U.S.C. § 2……………………………………………………..7
FRCP Rule 8(a)……………………………………………………………………….....8
FRCP Rule 12(b)(6)………….………………………………………………………….8
17A C.J.S. Contracts § 574…………………………………………………………...10

**PRELIMINARY STATEMENT**

Defendant asks this Court to Order arbitration in this case or in the alternative to dismiss the case for failure to state a claim upon which relief can be granted. Arbitration is a matter of contract and one cannot be compelled to arbitrate when one does not agree to arbitrate. Plaintiffs **Object** to arbitration because Plaintiffs are not contractually bound to arbitrate their dispute because the parties executed their Mutual Resolution and Release Agreement (Complaint Exhibit 2, ECF No. 1-2) which expressly revoked and superseded the previous Stock Purchase Agreement (SPA) and its arbitration provision (Complaint Exhibit 1, ECF No. 1-1).

The parties Mutual Resolution and Release Agreement clearly and unmistakably identifies the prior SPA and states that issues arose between the parties, that the parties have resolved all known and unknown issues and disputes between them, and completely released and resolved all issues in the superseding Mutual Resolution and Release Agreement. Paragraph 24 of the parties Mutual Resolution and Release's clearly and unmistakably provides for litigation of future disputes in the jurisdiction and venue of St. Louis Mo. and makes no mention of arbitration in Atlanta Georga as was in the revoked SPA. The superseding Release Agreement concerns the same subject matter and is so inconsistent with the previous SPA that two contracts cannot stand together or be harmonized. In short, the parties executed a superseding contract to rid themselves of the prior problematic and issue strewn contract including its arbitration provision.

Further, a Complaint must not be dismissed when it clearly states a claim for relief which can be granted pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. Contrary to Defendants claims in its motion, Plaintiff's Complaint is adequate and jurisdiction and venue is with this honorable Court.

## BACKGROUND

Plaintiffs Trustee Ivan Shane Storz, Trustee Darlene Storz and Darnea Wood are all individuals residing in Missouri and are the former sole shareholders of Multi-Aero Inc. d/b/a Air Choice One, a St. Louis based regional commuter airline. Defendant Southern Airways Corp. is a Delaware corporation with its principal place of business and corporate headquarters located in West Palm Beach Florida. The amount in controversy is in excess of $75,000.00.

Defendant Southern Air approached Plaintiffs with an offer to buy all of Plaintiffs' stock in Multi-Aero Inc./Air Choice One along with other items. Defendant wanted Plaintiffs stock so it could absorb Multi-Aero's aircraft and operations into Southern Air's business. On March 31, 2022, Defendant and Plaintiffs entered into a Stock Purchase Agreement ('SPA,' Plaintiff's Complaint Exhibit 1) to effectuate the purchase. Article 12.1.2 of the parties SPA provides for arbitration. Article 12.1.1 however, provides that "either party may commence an action as provided for in 12.1.2 below, unless otherwise agreed upon by the parties." Article 12.6 of the SPA (Exhibit 1 pg. 31) further defines the rights of the parties and provides:

> "AMENDMENT OR MODIFICATION.  The parties hereto may amend or modify this Agreement in such manner as may be agreed upon by a written instrument executed by or on behalf of such parties."

Subsequent to the parties entering into the SPA, issues and disagreements arose and on June 8, 2022, the parties in accordance with article 12.6 of the SPA entered into a superseding Mutual Resolution and Release Agreement which resolved the parties issues and disputes, revoked the SPA and released the parties from all of their prior obligations under the SPA (Plaintiff's Complaint Exhibit 2). The Release Agreement is a mutually agreed upon, replacement contract which is separate and distinct from and superseded

and abolished the prior SPA.  The Release Agreement concerns the same subject matter as the previous SPA, contains differing and conflicting material provisions and obligations.  It is wholly different from and inconsistent with the SPA. The Mutual Resolution and Release Agreement is a novation respecting all of the terms in the prior SPA and formed a new, separate and distinct contract which modified, supplanted, superseded and/or revoked the previous SPA in its entirety.

The Defendants failure to honor and its breach of the parties Mutual Resolution and Release Agreement is the subject of this suit in diversity.  The release was executed by all of the parties to the original SPA and the Release Agreement specifically contains a merger provision in paragraph 23 on page 8 which states:

> Entire Agreement and Authority:  This Agreement embodies the entire agreement and understanding among the parties hereto relating to the subject matter hereof, and supersedes all prior proposals, negotiations, agreements and understandings relating this "global" resolution.  The parties certify that they are relying on no representations, warranties, covenants, or agreement except for those set forth in this Agreement.  The Parties warrant to each other such party has full power and authority to execute and deliver this Agreement. (emphasis added)

The Mutual Resolution and Release Agreement in its paragraph 24 on page 9 states:

> Governing Law:  This Agreement shall be construed in accordance with the law of the State of New York and performed within the jurisdiction and venue of St. Louis County, State of Missouri.

The Mutual Resolution and Release Agreement in its Paragraph 25 on page 9 states:

> Binding:  This Agreement, when executed, shall be binding upon the undersigned, their heirs, successors, assigns, employees, officers, representatives, and agents, and shall have the effect of resolving and releasing any claims or rights held by the Parties, whether contingent or otherwise.

The parties superseding Release Agreement does not provide for arbitration and but does provides for litigation with jurisdiction and venue in this court in St. Louis Missouri.

After execution of the Mutual Resolution and Release Agreement and as pled in Plaintiffs' Complaint, Defendant breached its obligations under the parties Mutual Resolution and Release Agreement. This suit followed.

## LEGAL STANDARDS

### I. Federal Arbitration Act

9 U.S.C. §2  Validity, irrevocability, and enforcement of agreements to arbitrate

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, **save upon such grounds as exist at law or in equity for the revocation of any contract.** (emphasis added)

"Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). See also *Suburban Leisure v AMF Bowling Products*, 468 F.3d 523, 526 (8th Cir. 2006). "Whether the parties have submitted a particular dispute to arbitration, i.e., the '*question of arbitrability*' is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *AT&T Tech. Inc. v. Communications Workers of Am.*, 537 U.S. 79, 83 (2002). "A court's role under the FAA is therefore limited to determining: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute." *Pro Tech Industries Inc. v. Urs Corp.*, 377 F.3d 868, 871 (8th Cir. 2004). An arbitration agreement can be revoked upon such grounds as exist at law. FAA 9 U.S.C. § 2

**7**

## II. <u>Motions to Dismiss</u>

Under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. "Rule 8(a) did away with the necessity of detailed fact pleading." *Gardner v. First American Title Ins. Co.* 294 F.3d 991, 994 (8th Cir. 2002). "To comply with this requirement, a claimant need not set out in detail the facts upon which he bases his claims, but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gardner* at 994 citing *Swierkiewicz v. Sorema N.A.* 534 U.S. 506, 598 (1957). "In ruling on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff." *Bohan v. Honeywell Intern., Inc.*, 366 F.3d 606, 608 (8th Cir. 2004) see also *Warth v. Seldin*, 422 U.S. 490, 499 (1975). "A dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Palmer v. Tracor, Inc.*, 856 F.2d 1131, 1132 (8th Cir. 1988). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). To survive a motion to dismiss, a complaint must state enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "Courts need not require heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Twombly* at 570.

**ARGUMENT**

I. **The Court Cannot Compel Arbitration and Defendant's Motion to Dismiss Must Be Denied.**

Defendant asks this Court to conclude that the arbitration provision in the parties first contract, the SPA (Complaint Exhibit 1) dated March 31, 2022, should be enforced despite the SPA and its arbitration provision being revoked, released and replaced by the parties Mutual Resolution and Release Agreement dated June 8, 2022 (Complaint Exhibit 2), which provides for litigation and not arbitration. Because as argued below, the parties Mutual Resolution and Release Agreement expressly superseded, revoked and released all of the parties from all of their obligations under the prior SPA and contrary to Defendant's assertions, the Release Agreement requires a Court to resolve disputes, not an arbitrator. As there is nothing to arbitrate, Defendants motion must be denied.

"A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). "Arbitration is a matter of contract." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). "Arbitration is strictly a matter of consent." *Granite Rock Co. v. Teamsters*, 561 U.S. 287, 299 (2010). "The substance of the parties' supersession dispute is whether there is an agreement to arbitrate." *Field Intel. Inc. v. Xylem Dewatering Solutions Inc.*, 49 F.4th 351, 356 (3$^d$ Cir. 2022). If a later contract providing for litigation supersedes an earlier prior contract providing for arbitration, then there is no arbitration agreement to be enforced. *Field* at 358, see also *Transcor Astra Grp. S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462 (Tex. 2022). A later contract supersedes an earlier contract if the later contract is so inconsistent with the former that the two cannot stand together. *Field* at 358. "Supersession is a question of the parties

intent as discerned from the contracts themselves." *Field* at 358. "A contract containing a forum selection clause supersedes an arbitration agreement where the forum selection clause sufficiently demonstrates the parties intent to do so." *Suski v. Coinbase Inc.*, 55 F.4th 1227, 1230 (9th Cir. 2022) citing *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 741 (9th Cir. 2014). "The general rule is that when parties enter into a second contract dealing with the same subject matter as their first contract without stating whether the second contract operates to discharge or substitute for the first contract, the two contracts must be interpreted together and the latter contract prevail to the extent they are inconsistent." *Suski* at 1230, quoting 17A C.J.S. Contracts § 574.

For guidance on how a superseding subsequent contract that does not contain an arbitration agreement revokes an arbitration provision in a prior contract which is consistent in all U.S. jurisdictions and states that have addressed this issue, this Court should review; *Field Intel. Inc. v. Xylem Dewatering Solutions Inc.*, 49 F.4th 351 (3rd Cir. 2022)*, Transcor Astra Grp. S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462 (Tex. 2022) and *Suski v. Coinbase Inc.*, 55 F.4th at 1227 (9th Cir. 2022). *Suski* is presently pending before the United States Supreme Court as No. 23-3 and concerns in part how a subsequent contract can cancel a previous contract and/or its arbitration clause. Specifically, the Supreme Court is asked; 'where parties enter into an arbitration agreement with a delegation clause, [delegating the determination of whether a claim is arbitrable or not to an arbitrator and away from a court,] should an arbitrator or a court decide whether that arbitration agreement is narrowed by a later contract that is silent as to arbitration and delegation.' see *Suski* 23-3 Petition for Writ of Certiorari.

In the case at bar, there is not a delegation provision in the SPA as in *Suski* and the subsequent Release Agreement expressly superseded, revoked and released the

parties from their prior contract, but like *Suski* the Releases forum selection clause contradicts arbitration.  The Release Agreement clearly, unambiguously and unmistakably in its recitals on page one, referenced; the prior SPA, states that issues arose subsequent to the execution of the SPA, that the parties intended to resolve all known and unknown issues, and that the parties are executing the Mutual Resolution and Release Agreement to resolve all issues that had arisen under the prior SPA.

The parties Mutual Resolution and Release Agreement further states in its merger clause in paragraph 23 that:

> "This Agreement embodies the entire agreement and understanding among the parties hereto relating to the subject matter hereof, and **supersedes** all prior proposals, negotiations, **agreements** and understandings relating to this "**global**" resolution."  (emphasis added).

The parties global superseding Mutual Resolution and Release Agreement could not have more clearly shown their mutual intent to revoke the prior SPA and replace it in its entirety, in order to correct all problems and issues under the SPA that had arisen. Assuming arguendo, as Defendant is asserting, that despite the Release Agreement's plain and clear language canceling the SPA, that the SPA was not really revoked by the Release and the Court should instead harmonize the two agreements and give credence to both.  However, the two documents are so different that even a casual, quick or skim reading of the SPA and the Mutual Resolution and Release Agreement will display how materially and substantially different one is from the other.  Harmonization is simply not possible because of the numerous, major disharmonious differences and conflicts between the agreements as the Release is designed to correct the problems in the SPA.

For example and at the core of Defendant's Motion to Dismiss, is the materially different, inconsistent, disharmonious provision of the Release that calls for litigation of disputes and provides for choice of law with jurisdiction and venue being in St. Louis

Missouri whereas the earlier agreement plainly calls for Arbitration in Atlanta Georga. The Mutual Release Agreement Paragraph 24 on page 9 plainly, clearly and unambiguously mandates:

> Governing Law:  This Agreement shall be construed in accordance with the law of the State of New York and performed within the jurisdiction and venue of St. Louis County, State of Missouri.

Paragraph 24 of the Release Agreement is therefore directly at odds with the SPA Article 12.1.2 and revokes the previous SPA Article 12.1.2.  Defendant's motion also wholly ignores SPA Article 12.6 (Complaint Exhibit 1 on pg. 31) which plainly, clearly, unambiguously and specifically declares:

> "AMENDMENT OR MODIFICATION.  The parties hereto may amend or modify this Agreement in such manner as may be agreed upon by a written instrument executed by or on behalf of such parties."

If the SPA is alive and well, as Defendant argues, then if the Court seeks to harmonize the two agreements rather than to replace the earlier agreement with the subsequent agreement, the Court should harmonize by using SPA Article 12.6 to amend the SPA to later, mutually agreed language providing for litigation in St. Louis.  Article 12.6 is unavoidably fatal to Defendants position to compel arbitration because the parties amended, modified and revoked the SPA's arbitration clause in favor of litigation by their later, global Release Agreement.  Defendant's Motion to Compel Arbitration incorrectly argues that the SPA's arbitration provision is still valid, still controls everything contractual between the parties and will do so forever.  Unfortunately by Defendants own pen, the FAA does not apply and jurisdiction is with this Court in St. Louis Missouri.

In addition to the litigation vs arbitration conflict, other conflicts exist between the two documents throughout the Mutual Releases paragraphs and are presented to this court.  Plaintiffs complaint alleges that money is currently being held by a third party

escrow agent and is due to them from Defendant pursuant to the Mutual Resolution and Release Agreement, but that Defendant wrongfully will not consent to its release. (Plaintiff's Complaint paragraphs 14, 20, 21, 22 and 23.) The Release Agreement in its paragraph 14 beginning on page 4 states, among other things:

> Release of Escrow Funds:  Subject to the mutual execution of this Agreement, and subsequent to the execution of the Separation Agreement It is the intention of the parties that all credits and debits relating to alleged breaches of representations and warranties in the SPA, and all post SPA payment obligations between the parties hereto (other than those set forth in Section 15 below) will be fully and finally resolved in accordance to this Section 14.

Defendants breaches of the Mutual Resolution and Release Agreement are independent, separate from the revoked and replaced SPA as already said above.  Therefore, Plaintiffs cannot be required to submit this dispute to arbitration because they did not agree to submit to arbitration.  Defendant's Motion must be denied as there is nothing to arbitrate.

**II. The Court Should Not Dismiss the Complaint for Failure to State a Claim**

Plaintiff's complaint adequately states a claim for relief as follows:

**A. Breach of Contract and Notice vs. Fact Pleading**

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), its progeny and nearly 100 years of precedent; "the Erie doctrine establishes that the federal courts in diversity cases must apply state substantive law but are free to apply federal procedural law." *Kampa v. White Consol. Industries, Inc.*, 115 F.3d 585, 587 (8th Cir. 1997) citing *Guarantee Trust Co. of N.Y. v. York*, 326 U.S. 99 (1945).  "It is a long recognized principal that federal courts sitting in diversity apply state substantive law and federal procedural law." *Hanna v. Plummer*, 380 U.S. 460 (1965).

Federal Courts require notice pleading under FRCP 8(a) and not fact pleading. Defendants Motion seems to be arguing that fact pleading is required in this case and Plaintiffs have failed to plead sufficient facts to state a claim under New York State procedural law. Even if this Court applies New York's fact pleading standard as Defendant demands, Plaintiff's Complaint still survives Defendant's Motion to Dismiss. Plaintiff's Complaint alleges; (a) the existence of a contract, (b) that the Plaintiffs performed their obligations thereunder, (c) that Defendant breached the contract, and (d) that Plaintiffs suffered damages as a direct result of Defendant's breaches. *Harris v. Seward Park Housing Corp.*, 913 N.Y.S.2d 161, 162 (N.Y. App. Div. 1st Dept. 2010).

Specifically, Plaintiff's Complaint pleads these facts:

(a) The existence of a contract in Complaint Paragraphs 7, 9, 10, 12, 13, 14, 15, 16, 18, 19 and 20 and Plaintiff's attached the Mutual Resolution and Release Agreement as Exhibit 2 and incorporated it into their Complaint by reference.

(b) That Plaintiffs performed their contractual obligations in Complaint Paragraphs 7, 9, 14, 20 and 21 wherein Plaintiffs pled that they delivered their stock in Multi-Aero Inc. to Defendant, paid the Employee Retention Credit for the benefit of Defendant, allowed and consented to certain monies being placed in escrow, among many other breaches of the Release Agreement.

(c) That Defendant breached the Release Agreement because:

(1) Defendant failed to pay money due to Plaintiffs pursuant to the Release Agreement in the approximate sum of $800,000.00, Complaint paragraph 12, *see also* Plaintiff's Complaint Exhibit 2 pgs. 4-5 para. 14 and pgs. 5-6 para. 15;

(2) Defendant failed to pay the Transition Account in an amount in excess of $100,000.00, pled in Complaint para. 13; Complaint Exhibit 2 pg. 6 para. 16;

  (3) Defendant failed to pay/reimburse Plaintiff's for monetary benefits provided and paid by Plaintiffs for the Employee Retention Credit (ERC) in excess of $100,000.00, Complaint para. 14, *see also* Complaint Exhibit 2 pg. 6 para. 17;

  (4) Defendant wrongfully failing to consent to and to authorize the escrow agent to release the funds that are currently being held in escrow for Plaintiff's benefit in the sum of approximately $400,000.00, Complaint paras. 15, 20, 21, 22 and 23 *see also* Complaint Exhibit 2 pgs. 4-5 para. 14.

 (d) that Plaintiffs suffered resulting monetary damages and equitable damages in Plaintiff's Complaint paragraphs 5, 7, 9, 12, 13, 15, 16, 18, 20 and 22.

 (e) Their right and need for specific performance by Defendant of its obligations.

(Other breaches have and are occurring and will be better defined through discovery.)

  Defendant further suggests that Plaintiffs' Complaint must be dismissed because they did not plead exact dollar damage amounts. Plaintiffs stated with reasonable specificity their damages. Not all litigants know the exact extent of their monetary and equitable damages prior to discovery. As shown above, Plaintiff's Complaint not only states sufficient facts to put Defendant on notice as required under FRCP 8(a), but the Complaint also states sufficient facts to satisfy New York State pleading requirements.

  **B. <u>Unjust Enrichment</u>**

  Defendant's motion argues that Plaintiffs may not recover damages under both express contract and unjust enrichment. *Affordable Cmtys. of Mo. v. Fed. Nat'l Mortg. Ass'n.*, 714 F.3d 1069 (8th Cir. 2013). Plaintiffs' concede that they cannot recover under both contract and quasi contract at the same time. However, the parties are not at trial, they are only in the pleading phase. Until Plaintiffs receive Defendant's answer to Plaintiff's Complaint either confirming or denying the existence or validity of the Mutual

<u>15</u>

Resolution and Release Agreement and confirms or denies the amounts that Plaintiffs allege are owed, discovery is completed, then is the case then ready for presentation to judge or jury. Plaintiffs need not elect which theory for recovery they will adopt at trial.

### C. Specific Performance

Defendant argues that Plaintiffs' Complaint is deficient because specific performance is not a stand-alone cause of action under *Schwieckhardt v. Cap. One Bank (USA) N.A.*, 2017 WL 1497912 (E.D. Mo. Apr. 25, 2017). Titles and headings in pleadings do not control the subject or content of lawsuits or pleadings. Assuming arguendo, that the Mutual Resolution and Release Agreement does not supersede the arbitration provision contained in SPA and the SPA was not revoked, Article 12.1.4 on page 31, is entitled 'Specific Performance' and identifies, carves out and exempts 'specific performance' and other forms of injunctive relief from arbitration. Article 12.1.4 directs that such claims for relief are to be brought in Federal Court with proper jurisdiction and venue. Plaintiff's Complaint Count 4 entitled Specific Performance is a separate and available remedy from this Court through its injunctive powers and authority. Of course, since the Mutual Resolution and Release Agreement expressly supersedes the SPA, proper jurisdiction and venue is in this Court pursuant to the Release Agreement.

### CONCLUSION

For all these reasons as stated above, this Court should Deny Defendants Motion to Compel Arbitration and to Dismiss Plaintiff's Petition.

/s/ Donald E. Heck
Donald E. Heck   # ED24577
Attorney for Plaintiffs
13321 North Outer Forty Road
Chesterfield, Missouri 63107-5945
314.786.1217 / FAX 314.786.1201
donheckatty@gmail.com